## SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** (this "Agreement") is entered into by and between Gelacio Alejandre Rosales ("Rosales" or "the Plaintiff") and My Town Maintenance, Roofing & Renovation, Inc. ("My Town" or "Defendant"), together with (and for and on behalf of) itself and its parent, subsidiaries, affiliates, successors, assigns, related companies, and each of their respective officers, agents, directors, representatives, managers, employees, insurers, and attorneys. My Town and Rosales may be sometimes referred to individually as a "Party" or collectively as the "Parties."

**WHEREAS,** Rosales filed a lawsuit with the U. S. District Court for the Western District of Tennessee bearing Civil Action No. 2:19-cv-02335 against My Town alleging violations of the overtime pay provisions of the Fair Labor Standards Act arising from Rosales' alleged employment with My Town (the "Lawsuit");

**WHEREAS,** the Parties dispute whether Rosales was employed by My Town; and

**WHEREAS** the Parties wish to resolve any and all matters arising out of the Lawsuit and Rosales' employment with My Town.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises below and in consideration of the sums to be paid by My Town to Rosales and his Counsel, subject to the terms and conditions hereof, the Parties hereto agree as follows:

1. **Procedure.** Rosales shall dismiss his Lawsuit in its entirety with prejudice. This Settlement is contingent upon approval by the Court and its execution of an order dismissing this Lawsuit with prejudice. If the Court does not approve the settlement and dismiss the Lawsuit, this Agreement shall be null and void and of no effect.

2. **Settlement.** Within fourteen (14) business days after the date of court approval of this settlement and execution of an order dismissing this Lawsuit with prejudice, Defendant shall pay the following amounts in full satisfaction and compromise of any and all of Rosales' claims as follows:

    (A) Defendant shall issue a check in the amount of $6,000 payable solely to Rosales for his disputed claim for damages under the FLSA. Defendant will issue an IRS Form 1099 for this amount.

    (B) Defendant shall issue a check in the amount of $3,500 payable solely to Bryce W. Ashby in recognition of its attorney's fees and advanced litigation expenses. Defendant shall issue an IRS Form 1099 in this amount to Bryce W. Ashby.

3. **Rosales' Representations.**

3.1 **Read and Understood.** Rosales covenants, represents, acknowledges and warrants that he has carefully read this Agreement, is competent to execute this Agreement, fully understands all of its terms, and that he has voluntarily signed this Agreement and agree to all of its terms of his own free will. Rosales acknowledges that My Town has provided him with an opportunity to seek legal counsel regarding this Agreement, and that Rosales has had ample opportunity to consult with his counsel to have counsel review and explain to him the terms of this Agreement


EXHIBIT A

and its consequences. Except as stated here, each party shall bear their own costs and attorney's fees in connection with the negotiation and execution of this Agreement, the Lawsuit and all Claims and all matters released herein, and any other matters occurring on or before the date of this Agreement.

3.2.  Entire Consideration. Rosales agrees that the consideration set forth herein shall constitute the entire consideration provided under this Agreement, that no other promise or agreement of any kind or nature has been made by any person or entity whatsoever to cause him to sign this Agreement, and that he will not seek from My Town (and Rosales is not entitled to) any further compensation or any other consideration of any form, kind and/or nature whatsoever for the Lawsuit, any Claims, obligation, entitlement, damage, cost or attorneys' fees in connection with the Lawsuit, his employment with My Town, his termination from My Town, and/or all matters encompassed by this Agreement.

3.3  No Claims. Rosales covenants, represents and warrants to My Town that, except for the Lawsuit and a worker's compensation claim filed by Rosales, (i) he has not filed any other Lawsuit, proceeding, demand, charge, cause of action, suit, claim or action (collectively, "Claim(s)") against My Town with any state, federal or local agency or court or with any other tribunal, and (ii) he will not file or pursue, individually or with any person, any Claim at any time regarding or arising from the Lawsuit, his employment with My Town, his termination from My Town and/or all matters covered by this Agreement. In the event any such Claims are filed, he covenants and agrees to immediately dismiss and withdraw with prejudice any such Claims. Moreover and without in any manner limiting the release set forth below, Rosales also agrees to waive and does waives his right to recover any relief whatsoever, including, without limitation, monetary damages and/or injunctive relief with regards to any suit or claim brought by or on his behalf by any other person, entity, local, state or federal government or agency thereof, including, the U.S. Department of Labor or the Tennessee Department of Labor and Workforce Development. Rosales covenants and agrees to never, in any way, commence, aid, prosecute, cause or permit to be commenced or prosecuted against My Town, any action or other proceeding based upon any Claim, obligation, damage or liability which is the subject of this Agreement. Rosales worker's compensation claim is specifically excluded from the paragraph of the Agreement.

3.4.  No Admission. This Agreement shall not be construed as an admission of liability by My Town or as an admission that My Town has violated any contractual, implied, statutory, common law or other duty allegedly owed to Rosales. Rosales acknowledges that My Town specifically denies that it has violated any statute, regulation, or any other legal duty governing its relationship with him.

**4.    Release and Waivers of All Claims.**

4.1  Release. In consideration of the payments stated above, Rosales does hereby, and for his heirs, executors, administrators, successors, assigns and for any and all third parties claiming by or through him, absolutely, irrevocably and unconditionally release, acquit, relinquish and forever discharge My Town (and any and all other persons, firms, and/or corporations who may in any manner be liable, or allegedly liable to him) from and against any and all liabilities, demands, wages, compensation, salary, bonus, overtime pay, vacation, liquidated damages, punitive damage, costs, penalties, fines, damages, obligations, and Claims and matters of any and every nature and kind whatsoever, known or unknown, suspected or claimed, vested or contingent, which Rosales ever had, has or may have against My Town, on account of, or arising out of any matter or thing which has happened, developed or occurred, directly or indirectly, on

2

or before the signing of this Agreement, including, without limitation, the Lawsuit, and all Claims arising from or in any way related to Rosales' employment with My Town or any aspect of such employment, or arising out of the cessation of the employment relationship or arising out of any known or unknown fact, condition, or incident whatsoever, including, without limitation, claims under any federal, state and/or local laws, the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964 and any amendments and/or other laws relating thereto (such as, without limitation, the Lilly Ledbetter Fair Pay Act); The Civil Rights Act of 1991; The Civil Rights Act of 1866 (42 U.S.C. Section 1981); the Age Discrimination in Employment Act of 1967; Older Workers Benefit Protection Act; Executive Order 11246; the Americans With Disabilities Act of 1990, as amended; The National Labor Relations Act; The Equal Pay Act; The Family and Medical Leave Act of 1993; the Occupational Safety and Health Act, as amended' the Sarbanes-Oxley Act of 2002; COBRA; the Worker Adjustment Retraining And Notification Act; the Employee Retirement Income Security Act of 1974; and any similar federal, state or local laws; and any and all claims under local, state or federal law, regulation or executive order; and any and all actions at common law, in contract or tort not limited to claims for breach of contract (express or implied) and for attorney's fees. Except for the Lawsuit, which shall be voluntarily dismissed with prejudice, Rosales hereby agrees he will not institute any action, suit at law or in equity or file a demand for arbitration against My Town, nor institute or prosecute any claim, demand, action, or cause of action against My Town arising out of or relating to the Lawsuit, his employment with My Town, the termination thereof and/or any other matter covered by this Agreement. This release specifically does not include any claim for workers' compensation arising out of Rosales' employment.

4.2     **No Assignment**. Rosales expressly warrants that (i) he has not transferred or assigned to any person or entity any rights or Claims released in this Agreement and (ii) no other persons or entities has or had any interest in the matters referred to herein.

4.3     **Accord and Satisfaction**. It is expressly understood and agreed that this Agreement is in full accord, satisfaction and discharge of any and all Claims alleged or which could have been alleged in the Lawsuit and/or which occurred or accrued on or before the date of Rosales' execution of this Agreement.

4.4     **Agreement as Defense**. This Agreement may be pleaded as a full and complete defense, including, without limitation, to any subsequent action or other proceeding arising out of, relating to, or having anything to do with any and all the Claims, counterclaims, defenses or other matters capable of being alleged, which are released and discharged by this Agreement or otherwise covered by this Agreement. This Agreement may also be used to abate any such action or proceeding and/or as a basis of a cross-Lawsuit for damages.

5.     **Additional Rosalas Covenants.**

5.1     **Future Employment with My Town**. Although, it is disputed that Rosales is an employee of My Town, to the extent he was lawfully employed by My Town, he, nevertheless, acknowledges that prior to the institution of the lawsuit he voluntarily ended his employment with My Town. Rosales permanently, unequivocally and unconditionally waives all rights he may now have, may have had in the past or may have in the future to obtain or resume employment with My Town. Rosales covenants and agrees never to apply for employment with My Town and agrees not to seek reemployment with My Town and waive any right to future employment with My Town and agrees not to apply for or seek employment with My Town. Should Rosales seek reemployment in violation of this covenant, My Town shall not have any obligation to consider an application or to maintain employment of Rosales. In the event Rosales is ever mistakenly employed by My Town, Rosales agrees to have his employment terminated. Rosales shall have no cause of action against My Town

as a result of any decision to enforce the intent of this covenant.

6. **Non-Disparagement.** The parties agree that each will not make any disparaging comments about the other.

7. **Counsel.** Rosales has been represented in this Lawsuit by attorney Bryce W. Ashby. Mr. Ashby and the other members of his firm who participated in this litigation are well experienced in the litigation of FLSA claims. My Town is represented in this action by Robert D. Meyers of the Glankler Brown PLLC law firm who is likewise experienced in the litigation of FLSA claims. The parties to this Agreement desire to resolve the Lawsuit without the burdens, expense and uncertainty of further litigation. The parties represent that they disagree as to the number of hours Rosales worked while employed with My Town, and disagree over whether My Town has any liability under the FLSA. This settlement is the product of arm's length bargaining between counsel experienced in the litigation of FLSA claims. Rosales agree that the allocation of settlement proceeds in this Agreement is fair and reasonable given the nature and complexity of his claims, the bona fide dispute as to those claims, and the services provided by his counsel.

7.1 **Tax Counsel.** My Town makes no representations or warranties to Rosales regarding the tax consequences of entering, or not entering, into this agreement, and My Town advises Rosales to seek his own tax advice on such matter. Rosales shall be solely responsible for, and promises and agrees to pay, any income or other taxes, interest or penalties owed with respect to the payment referred to herein.

8. **Severability.** If any one or more of the provisions contained herein shall be held invalid, illegal or unenforceable for any reason, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, which shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. The parties intend that if any provision hereof is capable of two constructions, one of which would render the provision void and the other of which would render the provision valid, then the provision shall have the meaning which renders it valid.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties pertaining to the subject matter contained herein and supersedes any and all prior agreements or understandings, written or oral, between the Parties pertaining to its subject. No modification, waiver, amendment, discharge or change of the Agreement shall be valid unless in writing signed by all Parties. This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, administrators, representatives, executors, successors and assigns.

10. **Governing Law.** This Agreement shall be construed and enforced pursuant to the laws of the State of Tennessee.

11. **Interpretation.** The parties hereby agree that each party has reviewed and revised this Agreement and that the normal rule of construction to the effect that any ambiguities are resolved against the drafting party, shall not be employed in the interpretation of this Agreement. The words "hereof", "herein", "hereunder", and other words of similar import refer to this Agreement as a whole. The word "party" or "parties" means only those persons or entities who are signatories to this Agreement. The section headings are for convenience only and shall not affect the construction hereof.

12. **Multiple Copies/Effectiveness.** This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one in the same instrument.

THE UNDERSIGNED STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, KNOW AND UNDERSTAND THE CONTENTS OF THIS AGREEMENT, AND THAT THEY SIGNED THIS AGREEMENT VOLUNTARILY AND ON THEIR OWN FREE WILL.

**In Witness Whereof**, the Parties have signed this Agreement on the date(s) set forth below.

My Town Maintenance, Roofing & Renovation, Inc.

By: *[signature]*

Its: Operating Partner

Date: 8/2/19

*[signature: Belacio Alejandre Rosales]*
Gelacio Alejandre Rosales

Print Name: _____

Date: 7 0 4 19

4842-9260-7388, v. 1